UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONNA J. CARLISLE, individually, | Case No. 2:14-cv-00914-APG-VCF |
| Plaintiff, | **ORDER REMANDING CASE TO STATE COURT** |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendants. | |

### I.   BACKGROUND

Plaintiff was involved in a motor vehicle accident and incurred medical expenses of $20,262.80. (Dkt. #10 at 2:16-18.) Plaintiff recovered $15,000 from the tortfeasor's insurer. (*Id.* at 2:20-23.) Plaintiff sought additional funds from her insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), whose Underinsured Motorist ("UIM") policy at issue in this case provides $25,000 in coverage. (*Id.* at 2:11-13.) State Farm offered to pay Plaintiff $5,000 on her UIM claim, "in addition to tendering $5,000 in medical payment benefits." (Id. at 2:26-28.) Plaintiff deemed this amount insufficient, and filed this lawsuit in state court. State Farm removed this case to federal court on June 11, 2014.

The removing party has the burden of proving that removal is proper, and that this court may properly assert jurisdiction over the parties and dispute. Because State Farm's Petition for Removal and Statement of Removal did not provide sufficient facts to justify jurisdiction, I ordered State Farm to show cause why this action should not be remanded to the state court. (Dkt. #9.) In addition, Plaintiff filed a Motion to Remand. (Dkt. #10.) In her Motion, Plaintiff stipulates "that the amount in controversy in the instant case does not exceed $75,000." (*Id.* at 4:3-4.) Plaintiff reports that she attempted to contact State Farm's counsel by telephone and letter about that stipulation, but State Farm's counsel did not respond. (*Id.* at 4:9-18.)

Adding to the curiosity of State Farm's counsel's refusal to respond to Plaintiff's counsel, State Farm has not filed an Opposition to the Motion to Remand. Pursuant to Local Rule 7-2(d), the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Had State Farm's counsel responded to Plaintiff's communications, it may have saved me time addressing this issue, and saved the parties time and money briefing the issue. Nevertheless, I have reviewed the Motion to Remand and good cause exists to remand this case to state court.

## II.  ANALYSIS

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp. Ltd. v. United States*, 343 F.Supp.2d 949, 952 (D. Nev. 2004). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979)). Courts "strictly construe the removal statute against removal jurisdiction." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Remand is proper if the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 (9th Cir.2006) ("remand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure").

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). *See also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006) (the removing

party bears the burden of establishing that the jurisdictional amount is satisfied at the time of removal based on competent facts outside the face of the pleadings). Broad allegations that the jurisdictional amount is met, "'although attempting to recite some 'magical incantation,' neither overcome[ ] the 'strong presumption' against removal jurisdiction, nor satisf[y][the defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds" $75,000. 443 F.3d at 689 (quoting *Gaus*, 980 F.2d at 567); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("[R]emoval cannot be based simply upon conclusory allegations where the ad damnum is silent.") (internal quotations and citation omitted).

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-CV-00438-RCJ, 2013 WL 757621 (D. Nev. Feb. 27, 2013) (*citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007)). The Eleventh Circuit Court of Appeals has held that in making such analyses, district courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-1062 (11th Cir. 2010). This approach is consistent with the Supreme Court's holding in *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense"). *Id.* at ftnt. 5.

Here, there is more than considerable doubt as to State Farm's right to remove this case because Plaintiff cannot satisfy this court's jurisdictional threshold. First, recovery of contractual damages against State Farm is capped by the $25,000 limitation on liability in the UIM policy. Second, Plaintiff's recovery against State Farm would be reduced by the $15,000 she recovered from the tortfeasor's insurer. Thus, Plaintiff would have to recover significant punitive damages

and attorneys' fees in order to exceed the jurisdictional threshold. Based on the allegations in the Complaint, it seems highly implausible that Plaintiff can prove facts sufficient to justify punitive damages under Nevada law. Moreover, Nevada law generally disfavors awards of attorneys' fees absent a contractual provision or bad faith conduct. Finally, and perhaps most persuasively, Plaintiff has stipulated that she is not seeking in excess of $75,000 in connection with this lawsuit.

Based on my judicial, legal and practical experience and common sense, I find that the Plaintiff's complaint does not meet federal jurisdictional requirements. *Roe*, 613 F.3d at 1061-1062; *Iqbal,* 556 U.S. at 679.

### III.   CONCLUSION

IT IS THEREFORE ORDERED the case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

Dated: July 31, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE